IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROMONA DICKERSON, for the heirs at law of JAMILLE KIZER, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 12-2078-STA-tmp ) |
| BNSF RAILWAY COMPANY; JAMES RANDAL; MICHAEL CHRITTON, | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT, DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, AND FINDING AS MOOT DEFENDANT MICHAEL CHRITTON'S MOTION FOR JOINDER TO NOTICE OF REMOVAL**

Before the Court is Plaintiff's Motion to Remand the Case to State Court and for Attorney's Fees (D.E. # 13), filed on February 28, 2012. Defendants filed a Response (D.E. # 16) on March 13, 2012. Plaintiff filed a Reply (D.E. # 27) on April 23, 2012. Also before the Court is Defendant Michael Chritton's ("Defendant Chritton") Motion for Joinder to the Notice of Removal (D.E. # 4), filed on February 8, 2012, to which none of the parties have responded. For the following reasons, Plaintiff's Motion to Remand is **GRANTED**, Plaintiff's Motion for Attorney's Fees is **DENIED**, and Defendant Chritton's Motion is **FOUND TO BE MOOT**.

## BACKGROUND

Plaintiff filed her Complaint in Shelby County Circuit Court for negligence related to an incident in which her daughter, Jamille Kizer ("Kizer"), was hit and killed by one of BNSF

1

Railway Company's ("BNSF") trains at a railroad crossing in Memphis, Tennessee. (Compl., D.E. # 1-2, at 2-4.) The Complaint lists Plaintiff, Kizer's mother, and Defendant James Randal ("Defendant Randal") as residents of Tennessee and Defendant Chritton as a resident of Missouri. (*Id.* ¶ 1, 3-4.) Kizer was also a resident of Tennessee. BNSF is a corporation existing and operating under the laws of the State of Delaware with its principal place of business located in the State of Texas. (Notice of Removal, D.E. # 1, at 2.) Thus, on the face of the Complaint, complete diversity between the parties does not exist, as Plaintiff, Kizer, and Defendant Randal are residents of Tennessee.

Defendant Randal "was a conductor who was employed by and was working for . . . BNSF" at the time of the incident. (Compl., D.E. # 1-2, ¶ 10.) Plaintiff alleges that Defendant Randal was negligent in a number of ways, including "failing to maintain a proper and adequate lookout ahead for vehicles, . . . failing to give . . . Kizer a proper, sufficient, and timely audible warning by the use of the locomotive horn . . . , and failing to take reasonable measures to slow the train in order to avoid a collision." (*Id.* ¶ 19a-19c.) Additionally, Plaintiff submits that Defendant Randal failed "to properly supervise his engineer in accordance with BNSF practices and the law in Tennessee to sound the locomotive horn, . . . maintain a proper lookout, . . . and to maintain a proper speed. (*Id.* ¶ 11.) Plaintiff also states that Defendant Randal violated one or more statutes of the State of Tennessee "at the time and place of the collision." (*Id.* ¶ 23.) Notably, Plaintiff avers that Defendant Randal's negligence "was a direct and proximate cause of the . . . collision" and that he is "liable to Plaintiff for all of the damages" described elsewhere in the Complaint. (*Id.* ¶ 20, 24.) She also states that Defendant Randal is liable for punitive damages. (*Id.* ¶ 22, 26.) Plaintiff extends these same liability arguments to BNSF and

Defendant Chritton.

In the Notice of Removal, filed by BNSF, BNSF notes that complete diversity does not exist on the face of Plaintiff's Complaint. (Notice of Removal, D.E. # 1, at 2.) However, BNSF contends that Defendant Randal has not been properly served with process as of February 1, 2012, and that he was improperly named in the Complaint to defeat diversity. (*Id.*) BNSF argues that Plaintiff's Complaint does not assert any individual claims against Defendant Randal because any of his alleged acts of negligence will be imputed to BNSF under respondeat superior. (*Id.* at 3.) BNSF avers that, because Plaintiff has no possibility of recovery against Defendant Randal, he was fraudulently joined to the case. (*Id.*) Therefore, Plaintiff submits that because the amount in controversy is $20,000,000, far over the jurisdictional amount, and because Defendant Randal was fraudulently joined, complete diversity exists, and this case is removable to this Court under 28 U.S.C. § 1441(a). (*Id.* at 3-4.)

## STANDARD OF REVIEW

"Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."[1] Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.[2] To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff cannot establish a cause of action against non-diverse defendants under state law;[3] "fraudulent joinder occurs when

---

[1] 28 U.S.C. § 1332(a)(1). *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *accord Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Of course, the amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

[2] *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

[3] *Coyne*, 183 F.3d at 493.

the non-removing party joins a party against whom there is no colorable cause of action."[4] But if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, the district court must remand the action to state court.[5] All doubts as to the propriety of removal are resolved in favor of remand.[6]

Notably, "the non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to [the] determination regarding fraudulent joinder.'"[7] The central question is "whether there [is] any reasonable basis for predicting that the plaintiff could prevail."[8] Additionally, "any disputed questions [of] fact and ambiguities in the controlling state law [should be resolved] in favor of the nonremoving party."[9]

## ANALYSIS

### Motion to Remand

28 U.S.C. § 1441, which governs removal of civil actions, provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court."[10] But "[a] civil action otherwise removable solely on the basis of jurisdiction under [§] 1332(a) of this title

---

[4] *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).

[5] *Coyne*, 183 F.3d at 493.

[6] *Id.*

[7] *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).

[8] *Id.* at 951 (internal punctuation and quotation omitted).

[9] *Id.*

[10] 28 U.S.C. § 1441(a).

may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[11]  Thus, if Defendant Randal was not fraudulently joined, removal would be prohibited by §§ 1441(b)(2) and 1332(a), and the Court would be required to remand the case to state court.

When ruling on a plaintiff's motion to remand, district courts generally look to the plaintiff's complaint as it is stated at the time of removal and the defendant's notice of removal.[12] Although some allegations of fraudulent joinder may sometimes merit the application of some fact-based inquiries and summary-judgment like procedures, after extensively reviewing case law from other circuits, the Sixth Circuit has identified two guiding principles when deciding motions to remand involving allegations of fraudulent joinder:

> First, even if the district court pierces the pleadings to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential.  Second, any contested issues of fact must be construed in the plaintiff's favor.[13]

Tennessee has long recognized that a principal may be held vicariously liable for the negligent acts of its agent when those acts are within the actual or apparent scope of the agent's authority.[14]  Indeed, the Tennessee Supreme Court recently stated as follows:

> It is also generally recognized that a plaintiff may sue a principal based on its vicarious liability for the tortious conduct of its agents without suing the agents. Even where the agent's conduct is the sole basis for the principal's liability, the

---

[11]  *Id.* § 1441(b)(2).

[12]  *Gentek Buildings Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

[13]  *Walker*, 443 F. App'x at 954.

[14]  *Cox v. M.A. Primary & Urgent Care Clinic*, 313 S.W.3d 240, 251 (Tenn. 2010).

      agent remains a "proper, but not a necessary" party. Thus, a plaintiff is free to sue the agent, the principal, or both. This common-law framework is well-established in Tennessee law.[15]

Negligence claims contain five elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause."[16] Additionally, BNSF's General Code of Operating Rules indicates that conductors "supervise the operation and administration of the train" and that "all persons employed on the train must obey the conductor's instructions, unless the instructions endanger the train's safety or violate the rules."[17]

      In her Motion, Plaintiff argues that because the residency of Plaintiff, Kizer, and Defendant Randal is undisputed, the sole issue before the Court is whether Defendant Randal was fraudulently joined to the Complaint.[18] Plaintiff argues that, although principals can be held vicariously liable for the negligent acts of their agents, and that an agent need not be named in a complaint when a principal is sued on the basis of vicarious liability, agents remain proper, but not necessary, parties in negligence actions.[19] Thus, Plaintiff submits that Defendant Randal is individually liable to Plaintiff for his negligent actions regardless of whether BNSF is

---

[15]     *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 105-06 (Tenn. 2010) (citing cases and secondary materials from a variety of jurisdictions).

[16]     *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005) (citing *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642 (Tenn. 2000)).

[17]     (BNSF Rules, D.E. # 16-1, at 3.)

[18]     (Pl.'s Mot., D.E. # 13, at 3.)

[19]     (*Id.* at 4-5.)

vicariously liable for those same actions.[20] Additionally, Plaintiff argues that Defendant Randal and BNSF can be held jointly and severally liable for Defendant Randal's negligent behavior under Tennessee's comparative fault doctrine.[21] Thus, Plaintiff contends that Defendant Randal's joinder was not fraudulent and that the case should be remanded back to Shelby County Circuit Court due to the lack of diversity of citizenship and Defendant Randal's Tennessee residency.

In response, BNSF focuses on Defendant Randal's job as a conductor, rather than as a locomotive engineer, and argues that Plaintiff will not be able to successfully state a claim against Defendant Randal.[22] For example, BNSF argues that it will be able to present evidence which will refute Plaintiff's excessive speed claim and claim that the train's horn did not sound, thereby demonstrating that the Complaint did not set forth a colorable claim of negligence in the operation of the train.[23] BNSF also cites to its Rules of Operation and argues that Defendant Randal had no duty as a conductor to keep a lookout: it submits that to establish a colorable claim against Defendant Randal, Plaintiff would need to make some showing of facts or law that would place responsibility on the conductor for sounding the horn, slowing the train, or maintaining a lookout.[24]

In reply, Plaintiff argues that BNSF's reliance on documents outside the Complaint is

---

[20]   (*Id.* at 5.)

[21]   (*Id.*)

[22]   (BNSF's Resp., D.E. # 16, at 4.)

[23]   (*Id.*)

[24]   (*Id.* at 5.)

tantamount to asking the Court to decide whether Defendant Randal is entitled to summary judgment as a matter of law.[25] She then states that this type of evidentiary analysis is inappropriate at the Motion to Remand stage.[26] Plaintiff points out that her claims against Defendant Randal also include his failure to properly supervise Defendant Chritten under BNSF's practices and Tennessee law.[27] Thus, Plaintiff implies that Defendant Randal was responsible for supervising Defendant Chritten and thus may bear some of the responsibility for any breach of laws or BNSF internal rules performed by either himself or Defendant Chritten.[28]

      The Court finds that Plaintiff properly joined Defendant Randal as a defendant in this case. Tennessee's negligence law principles do not preclude Plaintiff from naming BNSF's agents—Defendants Chritten and Randal—in the Complaint, particularly because Plaintiff alleged that they acted negligently in their individual capacities in addition to their capacities as BNSF's agents. Moreover, Plaintiff has stated a colorable claim against Defendant Randal. Applying the "Rule 12(b)(6) light" analysis advocated by the Sixth Circuit, the Court finds that Plaintiff's individual negligence allegations in Part IV.B. of the Complaint, combined with her assertion that Defendant Randal breached his duty to properly supervise his engineer due to the failure of the locomotive horn to sound, the failure to maintain a proper lookout, and the failure to maintain a proper speed in Paragraph 11, present a colorable claim of negligence. For a claim to be "colorable," it need not ultimately prove to be successful. On the face of the Complaint,

---

[25]    (Pl.'s Reply, D.E. # 27, at 2.)

[26]    (*Id.* at 2-3.)

[27]    (*Id.* at 3.)

[28]    (*Id.*)

taking all of the evidence in Plaintiff's favor, Plaintiff has stated a colorable claim against Defendant Randal. Although BNSF argues that it has evidence which will refute Plaintiff's claims, the Court's reliance on that evidence at this time would be inappropriate. Therefore, Defendant Randal was not fraudulently joined to the Complaint, complete diversity does not exist to give rise to jurisdiction under 28 U.S.C. § 1332, and Plaintiff's Motion to Remand is **GRANTED**.

## Motion for Attorney's Fees

28 U.S.C. § 1447 authorizes, but does not require, the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[29] Under this section, attorney's fees are only to be awarded if an order is entered remanding the case to state court.[30] As the Supreme Court has recognized, "the standard for awarding fees . . . turn[s] on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[31] Facts affecting a court's decision whether to award fees under this provision can include "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction,"[32] or if a defendant "delay[ed] litigation or . . . impos[ed] additional litigation costs

---

[29] 28 U.S.C. § 1447(c).

[30] *See id.*

[31] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[32] *Id.*

on the plaintiff."[33] Additionally, "an award of fees under § 1447(c) is 'inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least some finding of fault within the defendant's decision to remove."[34] The mere finding that removal was improper is not enough to award attorney's fees.[35] This Court has found an attempt to remove an action fairly supportable and objectively reasonable even when complete diversity did not exist on the face of the complaint; thus, even though it remanded the case to state court, it did not award attorney's fees.[36]

In her Motion, Plaintiff argues that, because it is clear from the face of the Complaint and relevant Tennessee law that Plaintiff may recover a judgment against Defendant Randal regardless of BNSF's vicarious liability, BNSF had no objectively reasonable ground to remove the case based on diversity jurisdiction.[37] As such, Plaintiff requests an award of reasonable attorney's fees in the amount of $2,235.00.[38] In response, BNSF relies on its arguments in response to Plaintiff's Motion to Remand and argues that it had a reasonable basis for seeking removal.[39] Thus, it argues that even if the case is remanded to state court, the Court should deny

---

[33] *See Ohio* ex rel. *Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010).

[34] *Shafizadeh v. BellSouth Mobility, LLC*, 189 F. App'x 410, 411-12 (6th Cir. 2006) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)).

[35] *Id.* at 413 (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)).

[36] *See Perkins v. Carroll*, No. 11-cv-02216-STA-dkv, 2011 WL 1431465 (W.D. Tenn. Apr. 14, 2011).

[37] (Pl.'s Mot., D.E. # 13, at 6.)

[38] (*Id.*)

[39] (BNSF's Resp., D.E. # 16, at 6.)

Plaintiff's request for attorney's fees.[40]  The Court finds that BNSF's attempt to remove this case was "fairly supportable" and objectively reasonable, even though it was not successful. Accordingly, the Court declines to award attorney's fees under § 1447(c), and Plaintiff's Motion for Attorney's Fees is **DENIED**.

### Motion for Joinder to the Notice of Removal

Whether Defendant Chritton is joined to the Notice of Removal is irrelevant given the Court's decision to remand the case to Shelby County Circuit Court.  Therefore, his Motion for Joinder to the Notice of Removal is found to be **MOOT**.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, Plaintiff's Motion for Attorney's Fees is **DENIED**, and Defendant Chritton's Motion is **FOUND TO BE MOOT**.  This case is hereby remanded to Shelby County Circuit Court.

**IT IS SO ORDERED**.

                                                               s/ S. Thomas Anderson
                                                               S. THOMAS ANDERSON
                                                               UNITED STATES DISTRICT JUDGE

                                                               DATE: July 26, 2012.

---

[40]  (*Id.*)